IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | NO. 09-733-01 |
| v. | : | |
| | : | CIVIL ACTION |
| JONATHAN COBB | : | NO. 13-4754 |
| | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    September 9, 2014

Petitioner Jonathan Cobb ("Cobb" or "Petitioner") seeks habeas relief, pursuant to 28 U.S.C. § 2255, based on a claim that his trial counsel, William Cannon, Esq. ("Counsel"),[1] was ineffective, in violation of Petitioner's Sixth Amendment right to representation by counsel. Respondent, the United States Government, asserts that Petitioner's claims lack merit and that Counsel was not ineffective under the standard outlined in Strickland v. Washington, 466 U.S. 668, 671 (1984). Petitioner raises a supplemental Sixth Amendment claim, under Alleyne v. United States, 133 S. Ct. 2151 (2013). While the Government has failed to respond to this supplemental claim, the Court proceeds to address the merits of the claim in light of the Third Circuit's recent holding in United States v. Reyes, 755 F.3d 210

---

[1]     Petitioner was represented, from November 3, 2009 through the conclusion of his direct appeal, by William Cannon, Esq. He is proceeding pro se in this petition.

(3d Cir. June 18, 2014), that <u>Alleyne</u> does not apply retroactively to cases on collateral review.

## I)   BACKGROUND AND PROCEDURAL HISTORY

Petitioner was arraigned on the First Superseding Indictment, ECF No. 81, on April 29, 2010, for one count of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2. At his April 29, 2010 arraignment, Petitioner entered a plea of not guilty.

Following a five-day trial, the jury convicted Petitioner and co-conspirator David Cobb on all counts.[2] Petitioner was sentenced to 288 months' imprisonment, 8 years supervised release, and a $2,500 fine. District Court Judgment 1, ECF No. 186. On November 10, 2010, Petitioner filed a Notice of Appeal through Counsel. Pet'r's Notice of Appeal 1, ECF No. 186. On May 25, 2012, the Third Circuit affirmed the decision of the District Court as to both Petitioner and David Cobb. Third Circuit J. 2, ECF No. 215.

On August 15, 2013, Petitioner filed a <u>pro se</u> motion to vacate his sentence pursuant to 28 U.S.C. § 2255. <u>See</u> Mot. to

---

[2]     A third co-defendant, Darren Macklin, was found not guilty on all charges. <u>See</u> Judgment of Acquittal as to Darren Macklin, ECF No. 157.

Vacate/Set Aside/Correct Sentence, ECF No. 218 [hereinafter "§ 2255 Pet."]. On October 23, 2013, the Court directed the Clerk of Court to provide Petitioner with a blank copy of the Court's current standard form for filing a § 2255 petition, ECF No. 225, and on January 10, 2014, Petitioner resubmitted his § 2255 habeas petition on the proper form, ECF No. 227.

The Government submitted a response in opposition to the § 2255 petition on February 28, 2014, ECF No. 230. Petitioner filed a <u>pro se</u> supplemental brief in support of his pending habeas petition on March 3, 2014, ECF No. 231. Additionally, Petitioner filed a <u>pro se</u> reply to the Government's response in opposition on April 10, 2014, ECF No. 234. Petitioner's § 2255 habeas petition is now ripe for disposition.

## II)     LEGAL STANDARD

A violation of a criminal defendant's Sixth Amendment right to effective assistance of counsel can form the basis of a § 2255 petition.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 697 (1984). Such a claim of ineffectiveness of counsel attacks "the fundamental fairness of the proceeding."  <u>Id.</u> at 697. Therefore, as "fundamental fairness is the central concern of the writ of habeas corpus," "[t]he principles governing ineffectiveness should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial."  <u>Id.</u>

3

Those principles require a convicted defendant to prove two elements: (i) that his counsel's performance was deficient, and (ii) that the deficient performance prejudiced his defense.  Id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008).

To prove deficient performance, a convicted defendant must show that his "counsel's representation fell below an objective standard of reasonableness."  Ross v. Dist. Attorney of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (quoting Harrington v. Richter, 131 S. Ct. 770, 787 (2011)).  The court's "scrutiny of counsel's performance must be highly deferential."  Douglas v. Cathel, 456 F.3d 403, 420 (3d Cir. 2006) (citing Strickland, 466 U.S. at 689).  Accordingly, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Grant v. Lockett, 709 F.3d 224, 234 (3d Cir. 2013) (quoting Strickland, 466 U.S. at 689).  When raising an ineffective assistance claim, the convicted defendant first must identify which acts or omissions by counsel are alleged to not result from "reasonable professional judgment."  Strickland, 466 U.S. at 690.  Next, the Court must determine whether or not those acts or omissions fall outside the "wide range of professionally competent assistance."  Id.

To prove prejudice, a convicted defendant has the burden to prove that acts or omissions "actually had an adverse effect on the defense."  Id. at 693.  "The defendant must show that there

4

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### III)   DISCUSSION

Cobb initially filed a timely[3] petition seeking relief under § 2255 based on four distinct claims of ineffective assistance of his trial counsel, none of which were raised during his direct appeal.

Although a § 2255 petitioner may not generally raise new arguments for the first time on a collateral appeal that were not raised in the direct appeal, see Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009), ineffective assistance of counsel claims are exempted from this procedural default rule, and therefore the Court may consider the pending claims. See Massaro v. United States, 538 U.S. 500, 504 (1998).

This four-claim petition, along with a supplemental brief raising a fifth claim for habeas relief based on the recent

---

[3]    Generally, a § 2255 petition must be filed within one year of the date upon which a petitioner's judgment of conviction becomes finalized. See 28 U.S.C. § 2255(f)(1). Petitioner's judgment and sentence were affirmed by the Third Circuit on appeal on March 25, 2012, and the judgment and sentence were finalized on August 23, 2012, when Petitioner's time to file a petition for writ of certiorari to the United States Supreme Court expired.  Petitioner thus had until August 23, 2013, to file a § 2255 petition.

Alleyne holding, raises a total of five theories under which
Petitioner is entitled to habeas relief.

**A.   First Claim: Failure to Inform Petitioner of 21 U.S.C.**
**§ 851 Notice and to Challenge the Notice**

Petitioner first asserts that Counsel was ineffective for
failing to notify Petitioner of the Government's intention to
file a notice, pursuant to 21 U.S.C. § 851, of the prior
convictions that the Government would rely upon in seeking an
enhanced sentence for Petitioner.[4] See Memorandum of Law and
Authorities in Supp. of Pet'r's § 2255 Mot. to Vacate, Set-
Aside, or Correct Conviction or Sentence Under 28 U.S.C. § 2255
("§ 2255 Mem.") 3, ECF No. 227. Petitioner claims that Counsel's
performance was deficient because Counsel failed to: (i) notify
Petitioner of the Government's intention to file the § 851
Notice, (ii) investigate the state criminal convictions included
in the § 851 notice, or (iii) to challenge the § 851 notice. See
§ 2255 Mem. 3-7.

---

[4]     On May, 24, 2010, the Government filed an information, pursuant to 21
U.S.C. § 851(a), charging Petitioner with prior felony drug convictions on
September 3, 1991, and March 6, 2006. See Information Charging Prior
Offenses, ECF No. 118.

*i. Failure to Notify Petitioner about § 851 Notice*

The Government responds first that Counsel was not ineffective in failing to inform Petitioner of the § 851 Notice. Whether or not Petitioner was notified of the specific § 851 Notice issued by the Government, the record irrefutably illustrates that in a May 5, 2010, Letter, Counsel notified Petitioner of the substance[5] of the § 851 Notice—that the Government intended to introduce evidence of Petitioner's prior drug convictions in order to seek an enhanced sentence. See § 2255 Pet., Ex. 3, May 5, 2010, Letter from Cannon to Petitioner 2, ECF No. 218 (hereinafter "May 5, 2010, Letter").[6]

---

[5]    In United States v. Weaver, the Third Circuit found that while the Government's duty to "strictly comply" with § 851(a)(1)'s procedural requirements could not be minimized, ultimately the adequacy of the Government's § 851(a)(1) notice turned on whether "the information which was filed provided the defendant reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard." Weaver, 267 F.3d 231, 247 (3d Cir. 2001). Similarly, defense counsel satisfies his duty to notify defendant of a § 851 Notice by providing defendant with sufficient information from which defendant could meaningfully appreciate the significance of the notice. Defense Counsel did this, in this case.

Insisting that defense counsel must communicate to a defendant the procedural details of a § 851 notice, rather than merely the substantive information contained therein, would be inconsistent with the Third Circuit's emphasis on substance over form in the Government's § 851 obligations.

[6]    The May 5, 2010 Letter states, in relevant part:

> We have talked a bit about it, but you need at this point to have a clear understanding of your sentencing exposure if you were to go to trial and be convicted.
>
> First off, you are facing a 10-year mandatory sentence for the drugs charged against you in Count One. Distribution of 500-grams or more of cocaine powder results in a mandatory sentence of 5-years.

Moreover, even if the May 5, 2010, Letter was technically deficient, it did notify Petitioner of the Government's intention to introduce Petitioner's convictions, and thus Petitioner experienced no prejudice. Therefore, Petitioner's claim based on this theory will be denied.

   *ii. Failure to Investigate § 851 Notice*

Petitioner next claims that when he discussed with Counsel prior to trial the possibility of a sentence enhancement based on prior felony convictions, Petitioner "advised [Counsel] of

---

However, since you have a prior drug distribution conviction that mandatory sentence jumps to 10-years. In this case, however, your biggest problems are the Federal Sentencing Guidelines. Since you are charged with distributing 500-grams or more of cocaine that would ordinarily call for an offense level under the Guidelines of 26. However, because of your prior drug felony conviction in 1991 and your robbery conviction in 1992 you are deemed to be, under the Guidelines, a career offender. As you can read, you are a career offender because the instant case is a drug felony and you have prior convictions for "a crime of violence or a controlled substance offense." Since the maximum sentence for Count 1 for you is life imprisonment (it would have been only 40-years if you did not have a prior drug distribution conviction) your offense level as a career offender jumps up to level 37 and you automatically jump into criminal history category 6. The combination of an offense level 37 and criminal history category 6 gives you a Guideline Sentence of 360 months to life. It is foreseeable that Judge Robreno could give you 360 months if you go to trial and are convicted.

Given all of these factors, and given the fact that our trial is scheduled June 15, 2010 you need to think seriously about folding your cards and cooperating with the government. That would earn you a Departure Motion which would take the mandatory sentence off the table and permit Judge Robreno to ignore the otherwise applicable guideline sentence.

May 5, 2010 Letter.

his prior felony conviction and unequivocally requested
[Counsel] to investigate [his] prior [convictions] because
Petitioner did not believe that he had any prior convictions
that would be suitable or permissible for federal enhancement."
§ 2255 Mem. 5.

While Petitioner argues that Counsel was deficient in
failing to further investigate Petitioner's prior convictions,
the record suggests otherwise. As discussed above, the May 5,
2010, Letter, written well before the Government filed a § 851
Information, advised Petitioner about the negative effects that
Petitioner's prior convictions would have at sentencing, if he
was convicted at trial. See May 5, 2010, Letter. In the May 5,
2010, Letter, Counsel demonstrates a familiarity with the
intricacies of Petitioner's criminal history that belies
Petitioner's assertion that Counsel failed to sufficiently
investigate Petitioner's prior convictions. Therefore, the Court
finds that, to the extent that Petitioner claims ineffective
assistance of counsel for failure to investigate a possible
challenge to the § 851 Notice, that claim will be denied on its
merits.

### iii. Failure to Challenge § 851 Notice

Petitioner also claims that Counsel was ineffective for
failing to challenge the Government's § 851 Information.

Petitioner does not appear to contest the Government's assertion that the Government provided copies of Petitioner's 1991 and 2006 records of conviction for drug offenses to Counsel. See Gov't's Resp. Opp'n § 2255 Mot. 5, ECF No. 230. Petitioner points to no basis for doubting the authenticity of these documents.

Petitioner's Sixth Amendment Right to effective counsel does not include the "right to compel . . . counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to press those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). Absent evidence to the contrary, the Court presumes that "the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation marks omitted).

Petitioner provides no cognizable reason for why Counsel should have raised a challenge to the accuracy or relevance of the § 851 Notice, other than the assertion that Petitioner requested Counsel to raise such a challenge in the months leading up to his 2010 trial. Under these circumstances, the Court must presume that the decision to not pursue this challenge was part of Counsel's sound trial strategy. Id. Because Counsel's decision to not pursue a challenge to the § 851 Notice was reasonable and therefore not ineffective under

the first prong of <u>Strickland</u>,[7] Petitioner's claim for § 2255 relief on this ground fails.

**B.   Second Claim: Failure to Challenge Affidavit Provided to Support Wiretap Evidence**

Petitioner next claims that Counsel was ineffective at trial for failing to prepare a challenge to the Government's affidavit in support of wire-tap evidence. Petitioner claims that, prior to trial, he asked Counsel to prepare such a challenge to the veracity of statements contained within the Government's affidavit, and that Counsel failed to do so.

On April 19, 2010, the Government filed the first superseding indictment, adding a conspiracy count against both Petitioner and co-defendant David Cobb, which largely relied upon evidence gathered through an electronic surveillance of Petitioner's cellphone (the "wire-tap") between September 29, 2009, and October 23, 2009. The wire-tap was previously authorized by Judge Sanchez, pursuant to 18 U.S.C. § 2518(3), based on an application for the wire-tap supported by an

---

[7]     The Court further notes that this decision did not prejudice Petitioner, as required to satisfy the second <u>Strickland</u> prong.  Petitioner points to no evidence undermining the authenticity of the records of conviction relied upon by the Government in filing the § 851 Notice. Thus, in the event that Counsel had filed the desired challenge to the § 851 Notice, the challenge would have failed on the merits, as these records of conviction would be sufficient for the Government to satisfy its burden of proving the convictions beyond a reasonable doubt, as required under § 851. <u>See, e.g.</u>, <u>United States v. Pinillos</u>, 530 F. Supp. 2d 411, 415 (D.P.R. 2007).

affidavit by FBI Special Agent Luke Church testifying to the existence of probable cause that a target was committing a particular offense, that the proposed interception would collect communications concerning that offense, and that normal investigative procedures had been tried and failed or were reasonably likely to fail. See 18 U.S.C. § 2518(3).

On May 4, 2010, Counsel filed a motion to bar introduction of the wire-tape evidence, ECF No. 99, as well as a supporting memorandum of law, ECF No. 100, arguing that Agent Church's affidavit in support of the wire-tap failed to demonstrate the requisite investigative need under § 2518. See Mem. L. Support Mot. Bar Wire-Tap Evidence 1-2 ("To make this [requisite showing of necessity], the affidavit must contain 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" (quoting 18 U.S.C. § 2518(1)(c))). The Government filed a response in support of the wire-tap evidence on May 11, 2010, ECF No. 101. On June 15, 2010, the Court denied Petitioner's motion to bar the wire-tap evidence, finding, based on the parties' written submissions, that the Government's affidavit sufficiently demonstrated "necessity" of the wire-tap as required by § 2518(1)(c). See June 15, 2014 Order Granting Gov't's Mot. Admit Tape Recordings, ECF No. 137.

Petitioner asserts that Counsel was ineffective for failing (i) to challenge the wire-tap evidence by claiming that the supporting affidavit contained false statements, and (ii) to move for a hearing to challenge the veracity of those statements, pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

Petitioner states that Counsel told Petitioner, via the May 5, 2010, Letter, that Counsel was not pursuing an additional challenge to the Church affidavit, as "we have no ammunition to contest that the affiant lied or stated things falsely about what he learned from the confidential informants." See Pet'r's Reply to Gov't's Resp. Opp'n 5, ECF No. 234. Petitioner provides no specific allegations, within the § 2255 petition, about which statements within the Church affidavit were false. Petitioner does attach handwritten notes, dated May 12, 2010, and addressed to Counsel, asserting, without pointing to evidence or providing any explanation, certain statements of confidential informants in the Church affidavit were false.

Counsel's responses to the Government's motion to introduce wiretap evidence—both Counsel's challenge to the Government's showing of necessity of the wiretap and Counsel's conscious decision not to challenge the veracity of statements within the supporting affidavit—represent sound and reasonable trial strategy. Counsel did not include a challenge to the veracity of Government's supporting affidavit because, in Counsel's

professional judgment, there was no evidence on which to base such a challenge. Because Counsel's conduct regarding the Government wiretap was reasonable and not deficient within the meaning of <u>Strickland</u>, Petitioner's claim of ineffective assistance on this theory will be denied.

    **C.    Third Claim: Failure to Advise Petitioner of Advantages of Entering Guilty Plea**

    Petitioner claims that Counsel was ineffective for failing to advise Petitioner about the relative benefits of pleading guilty versus going to trial. This omission by Counsel allegedly denied Petitioner the "chance to make any decision as to whether Petitioner would plead guilty as an advantage in this case." <u>See</u> § 2255 Mem. 12. Petitioner argues, specifically, that Counsel was deficient for failing to advise Petitioner that pleading guilty could result in receiving a two to three level reduction to Petitioner's base offense level, for purposes of calculating his sentence under United States Sentencing Guidelines §§ 3E1.1(a) & (b) (pertaining to acceptance of responsibility). <u>See</u> § 2255 Mem. 12. Within this claim, the Court understands Petitioner also to be alleging that Counsel was ineffective for failing to adequately advise Petitioner about the relative benefits of entering an open plea, as opposed to either the

benefits of seeking a cooperation guilty plea agreement or
proceeding to trial.

        *(i)*    *General Failure to Explain Plea Negotiations*

     Petitioner correctly recognizes that Counsel was obligated
to assist Petitioner in making informed and strategic choices
during pre-trial proceedings, including by explaining to
Petitioner the advantages and disadvantages of a guilty plea
versus going to trial.

     In the present instance, Petitioner's own exhibits
illustrate that Counsel clearly communicated to Petitioner the
severe penalties that Petitioner faced if he was found guilty at
trial, and thus that pleading guilty prior to trial might offer
significant advantages at sentencing. Specifically, in the May
5, 2010, Letter, Counsel explained to Petitioner that it was
foreseeable that, if Petitioner went to trial and was found
guilty, he would face a 360-month custodial sentence under the
applicable statutory and Guidelines provisions. Counsel
recommended in the May 5, 2010, Letter that Petitioner consider
the benefits of cooperating with the Government, as part of a
guilty plea agreement, that would reduce his potential sentence.
Under these circumstances, Petitioner's claim fails, to the
extent that he argues that Counsel never discussed with
Petitioner any of the benefits of a guilty plea.

(ii)    *Failure to Explain Specific Operation of*
*U.S.S.G. § 3E1.1 (a) & (b)*

Additionally, to the extent that Petitioner's claim is based on the failure of Counsel to explain the operation of specific provisions within U.S.S.G. §§ 3E1.1(a) & (b), as opposed to the general benefits of a guilty plea versus trial, Petitioner's claim also fails. As noted by the Supreme Court in United States v. Day, defense counsel is not required to explain every nuance of the various applicable Guidelines provisions that may apply at sentencing. See United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992) (finding that trial counsel is not required to "give [the] defendant anything approaching a detailed exegesis of the myriad arguably relevant nuances of the Guidelines"). The May 5, 2010, Letter satisfies Counsel's general duty to explain to Petitioner how under the Guidelines he could benefit from pleading guilty in the case.

(iii)   *Failure to Present Open Plea as an*
*Alternative to Cooperation Guilty Plea or Going*
*to Trial*

The Court finds that Petitioner does raise a potentially meritorious claim by suggesting that Counsel only provided Petitioner with information about seeking a cooperation guilty

plea agreement or proceeding to trial without presenting the third option of entering an open plea.[8]

In United States v. Booth, the Third Circuit found that a § 2255 petitioner "ha[d] raised sufficient allegations that his trial counsel deprived him of the opportunity to make a reasonably informed decision regarding whether to change his plea or proceed to trial because his trial counsel failed to inform him that he could enter a guilty plea." 432 F.3d 542, 550 (3d Cir. 2005). Accordingly, in Booth, the Third Circuit reversed and remanded the case to the district court to hold an evidentiary hearing on this habeas claim. Id.

While failure to advise a defendant of the option of entering an open plea does not always constitute ineffective assistance,[9] the facts of the present case raise the issue of whether, like in Booth, Counsel may have unreasonably failed to

---

[8]    To prevail in this ineffective assistance claim, Petitioner must also establish that he was prejudiced by Counsel's allegedly deficient performance. To prove prejudice where a Petitioner claims that Counsel's ineffective assistance caused Petitioner to go to trial rather than enter a guilty plea, Petitioner must show that the "outcome of the plea process would have been different with competent advice." See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012); see also Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012).

[9]    More recently, in United States v. Gonzalez-Rivera, 217 F. App'x 166 (3d Cir. 2007), the Third Circuit confirmed that failure of counsel to present an open plea, as an alternative to cooperation or trial, is not always objectively unreasonable. In Gonzalez-Rivera, the Third Circuit distinguished Booth, holding that counsel's failure to explain the option of an open plea was not unreasonable where a defendant had maintained his innocence throughout the proceedings and never engaged in plea negotiation. Gonzalez-Rivera, 217 F. App'x at 170; see also United States v. Creamer, Civ. No. 12-975, 2012 WL 3641351 *8 (E.D. Pa. Aug. 24, 2012) (distinguishing Booth and denying ineffective assistance claim against counsel who failed to advise of "open plea" option, where defendant had affirmatively stated on the record that he had no intention of pleading guilty).

present this option.  As in <u>Booth</u>, Petitioner here may have possessed a particular disincentive to cooperate with the Government's investigation, as doing so could have incriminated his brother and co-defendant, David Cobb. Further, as in <u>Booth</u>, the evidence supporting the Government's case, including the wire-tap evidence, was substantial, making conviction at trial highly probable.

The Court notes that in the May 5, 2010, Letter, Counsel referred to Petitioner's option of "folding [his] cards and cooperating with the government" and did not mention the possibility of entering an open plea. Because the Court finds that Petitioner has thus raised sufficient allegations as to Counsel's failure to advise him of the option of entering an open plea, the Petitioner will be granted an evidentiary hearing on the merits of this claim.

D.  **Fourth Claim: Failure to Provide Real Notice to Petitioner of Conspiracy Charge**

Petitioner next claims that Counsel was ineffective for failing to give Petitioner "real notice" of the charge of conspiracy in count 1 of the superseding indictment. Petitioner asserts that this omission prejudiced him because "real notice of the charge of conspiracy [would] ha[ve] affected Petitioner's

decision in the plea process of this case . . . [in] that He would have pled guilty." § 2255 Mem. 14. Petitioner goes on to recite the legal requirements under which a guilty plea must be entered, i.e., that a guilty plea must be entered voluntarily, knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences.

Petitioner's fourth claim thus conflates the general Sixth Amendment right of a criminal defendant to know the charges made against him, and the specific procedural safeguards applicable to entering a guilty plea, as provided under Federal Rule of Criminal Procedure 11. It is well recognized that a special burden attaches to defense counsel and the court to ensure that a criminal defendant understands the nature of the charges and consequences of a guilty plea, because in entering a guilty plea a criminal defendant is waiving many of his due process rights (e.g., to a trial by jury, to confront witnesses, to testify in his own defense, etc.) See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005); Henderson v. Morgan, 426 U.S. 637, 647 (1976) (finding that because a criminal defendant had entered a guilty plea without adequate notice of the specific elements of the charged offense, that his plea was involuntary and the judgment of conviction was entered without due process of law).

However, the duty of a defense attorney to discuss the contents of an indictment with his client does not cause Rule

11's specific procedural requirements to also apply equally before entry of a plea of not guilty. Therefore, Petitioner's allegation that counsel failed to notify Plaintiff of the specific elements of his conspiracy charge prior to his April 29, 2010, plea of not guilty at the arraignment fails.

Additionally, to the extent that Petitioner alleges that Counsel failed to <u>ever</u> advise Petitioner of the specific elements of the conspiracy charge, the Court finds that this claim also fails. To the contrary, as the Government notes, the May 5, 2010, Letter from Counsel to Petitioner discusses in detail the nature of Petitioner's criminal charges and potential ramifications at sentencing if he were to go to trial.[10]

Under the circumstances of this case, it is clear that Petitioner's assertion that he was never advised by Counsel of the nature of his conspiracy charge is baseless.

---

[10]    The Court notes also that at Petitioner's April 29, 2010, arraignment, Counsel stated on the record: "We will waive a reading of the indictment. Mr. Cobb and I have reviewed it previously and we will enter a plea of not guilty." <u>See</u> Tr. of Arraignment of Jonathan Cobb to Superseding Indictment, April 29, 2010 at 3, ECF No. 235. Magistrate Judge Rueter then read the charges of the superseding indictment to Petitioner. Rather than objecting to Counsel's statement that he and Petitioner had discussed the contents of the superseding indictment, including the conspiracy charge, Petitioner entered a plea of not guilty.

**E.    Fifth (Supplemental) Claim: Sixth Amendment Due Process Violation Based on <u>Alleyne</u>**

Petitioner's March 3, 2014, Supplemental Brief in support of his § 2255 petition raises a fifth claim for habeas relief based on the Supreme Court's June 17, 2013, decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).[11] In <u>Alleyne</u>, the Supreme Court held that any fact that increases a criminal defendant's mandatory minimum sentence is an "element" of the crime, rather than a "sentencing factor," and thus must be submitted to a jury, overruling <u>Harris v. United States</u>, 536 U.S. 545 (2002). <u>Alleyne</u>, 133 S. Ct. at 2155.

Since Petitioner filed his supplemental brief, the Third Circuit has held, in <u>United States v. Reyes</u>, 755 F.3d 210 (3d Cir. 2014), that the new rule of constitutional law established in <u>Alleyne</u> is not retroactively applicable to cases on collateral review. <u>Reyes</u>, 755 F.3d at 213; <u>see also</u> <u>Winkelman v. United States</u>, 746 F.3d 134 (3d Cir. 2014). In light of <u>Reyes</u>,

---

[11]    Petitioner's supplemental brief, mailed on February 21, 2014, and docketed on March 3, 2014, falls outside of the one-year time limit following finalization of Petitioner's judgment of conviction. This supplemental brief raises a fifth habeas claim, based on the Supreme Court's June 17, 2013, decision in <u>Alleyne</u>. Because Plaintiff claims that <u>Alleyne</u> raises a newly recognized right that is retroactively applicable to Petitioner's case, and because the supplemental brief raising this new claim was filed within one year of the <u>Alleyne</u> holding, the Court will consider this fifth claim to be timely filed. <u>See</u> 28 U.S.C. § 2255(f)(3) (allowing a one-year statute of limitations for filing § 2255 petition from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

the Court finds that Petitioner cannot rely on <u>Alleyne</u> as a source of § 2255 relief. Therefore, Petitioner's supplemental claim on this theory will be denied.

**IV)    CONCLUSION**

For the foregoing reasons, the Court will deny and dismiss Cobb's § 2255 Petition in part. The Court will hold an evidentiary hearing only as to Petitioner's specific allegation of ineffective assistance due to Counsel's failure to inform Petitioner of the option, and relative benefits, of pleading open, rather cooperating with the Government or proceeding to trial. The balance of Petitioner's § 2255 claims will be denied and dismissed.

An appropriate order follows.